IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID PENNINGTON, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 21-1747-LPS |
| : | |
| TRUMAN MEARS, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

### MEMORANDUM

**I.  BACKGROUND**

On December 13, 2021, Petitioner filed in this Court a form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (D.I. 1) Petitioner also filed a Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 3)

In October 2013, Petitioner was convicted of dealing in child pornography, possession of child pornography, and a violation of probation. (D.I. 1 at 1) The Delaware Superior Court sentenced him to 47 years of incarceration. (*Id.*)

**II.  LEGAL STANDARDS**

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### III. DISCUSSION

The Petition does not contain any grounds challenging the legality of Petitioner's conviction or sentence. Instead, Petitioner asserts that he

> has 39 years remaining on a forty-seven (47) year sentence. Given [his] old age and major health issues not being properly attended to, [Petitioner's] original sentence and current [sic] becomes a life sentence. [Petitioner], if properly sentenced today, would be permitted to do the remain[der] of his time in the custody of the United States Air Force [which has] offered to house him and take responsibility for him for the remainder of his time. This is [in recognition of] his service.

(D.I. 1 at 5) For relief, he asks to be "handed over to the United States Air Force Nursing Home/Air Force Base." (D.I. 1 at 15)

Petitioner's request for a change in location of custody due to his age and ill health does not present an issue cognizable on federal habeas review. Accordingly, the Court will summarily dismiss the instant Petition for lack of jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition and dismiss as moot the Motion for Leave to Proceed *In Forma Pauperis*. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

March 28, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE